## Morgan et al. v. Clements et al.

May 13, 1949.

Booth & Booth, Harris & Drury and Burwell Marshall for appellants.

E. R. Morton and King & Flournoy for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

This is the second appeal of this case. The general facts are stated in the former appeal. Clements et al. v. Morgan et al., 307 Ky. 496, 211 S. W. 2d 164. It will be necessary to state here only those pertinent to this decision.

In that action, originally brought by Agnes Maria Pike, appellants and appellees here were named as defendants. Appellees in this action filed answer in that original action and also a cross-petition against the appellants herein, wherein they pled that appellants were claiming some right or title in the mineral rights in their land.

Appellants, cross-defendants in that action, filed answer to the cross-petition setting up claim to title in the mineral rights as derived from their mother, who obtained title from her husband by will. It was maintained that Sylvester Pike, in deeding the property to Sam W. Clements and wife, reserved the mineral rights, and consequently, upon his death those mineral rights went to his widow, and by will from her to her children.

Cross-petitioners below filed a reply and amended reply, wherein they alleged the deed to be ambiguous. Cross-defendants' demurrer to that reply was sustained, and upon cross-petitioners' refusal to plead further, the court adjudged the title to the mineral rights to be in cross-defendants.

Appeal was prosecuted and the judgment was reversed in the case cited above. Upon return of the mandate to the court below, appellants undertook to file a Rejoinder, wherein they alleged the deed of Sylvester Pike was ambiguous. The court refused to permit the filing of this Rejoinder and entered judgment pursuant to the opinion in the original appeal, from which appellants prosecute this appeal, insisting that they have not had their day in court and that the court erred in not permitting them to file further pleadings and submit the case on its merits.

It is insisted that the case has never been tried on its merits and was merely tried on the demurrer to the reply and amended reply. We need only call attention of appellants to the fact that the cause was tried on its merits. It was decided that the deed was not ambiguous and that Sylvester Pike reserved only the coal and mining rights which had theretofore been sold. That is the law of the case and the court properly refused to allow appellants to file additional pleadings.

Having thus decided, it is unnecessary to discuss

the matter of Rejoinder as raised by appellees in their brief.

Wherefore, the judgment is affirmed.